UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

CHARLES MICHAEL ROSS, )
    *Plaintiff*, )
)
v. ) No. 1:24-cv-00208-CEA-CHS
)
PORTFOLIO RECOVERY ASSOCIATES, LLC, )
JAVITCH BLOCK, LLC, EMILY L. NENNI, )
    *Defendants*. )

## REPORT AND RECOMMENDATION

**I.    Introduction**

Plaintiff Charles Michael Ross is proceeding in this action pro se. This Court has the responsibility to screen all actions filed by plaintiffs proceeding *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). For the reasons that follow, the undersigned will recommend that this lawsuit be dismissed.

**II.    Facts**

Plaintiff brings this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692c and § 1692k against Portfolio Recovery Associates, LLC, Javitch Block, LLC, and Emily Nenni. [Doc. 2, Complaint, pp. 2-3]. As the basis for his action, Plaintiff states:

> I acted as my own lawyer for case no. 23GS8693 in the Hamilton County General Sessions Court of Tennessee. From February 12th to May 3rd, 2024, I communicated with Emily L. Nenni of Javitch Block, LLC on behalf of Portfolio Recovery Associates, LLC through email for the purpose of case discovery. In every email I received from Emily Nenni it contains the line, "This is an attempt to collect a debt and any information obtained will be used for that purpose."

[*Id.* Sec. III, Statement of Claim at p. 4]. These allegations constitute Plaintiff's entire statement of the claim against Defendants; however, he has attached copies of emails exchanged between him and Defendant Emily Nenni, a lawyer with Javitch Block, LLC. [*See* Doc. 2, email attachment dated May 3, 2024, p. 8]. Plaintiff is seeking $5,000 in damages.

### III. Discussion

#### A. Standard of Review

The standard required by § 1915(e)(2) to properly state a claim upon which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint upon which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN, Inc.*, 889 F.3d 267, 270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief.") However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). More than "unadorned, the-defendant-unlawfully-harmed me accusation[s]" are required to state a claim. *Id*. "Nor does a

complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 696 (brackets original) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 557 (2007)). Rather, the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

    **B.    Plaintiff Has Failed to State a Claim**

The Fair Debt Collection Practices Act, 15 U.S.C. § 1692c, enumerates the type of communication a debt collector may and may not have with a debtor. The FDCPA, 15 U.S.C. § 1695k, provides a private right of action to a person who has sustained damage by a debt collector's failure to comply with any provision of § 1692c. 15 U.S.C. § 1692k. Plaintiff does not state in his complaint what action the Defendants took which violated § 1692c, and the Court will not try to guess based on the email exchanges between Plaintiff and Ms. Nenni. Plaintiff has failed to state a claim against Defendants under the FDCPA.

## IV.    Conclusion

For the reasons stated herein, it is **RECOMMENDED** that Plaintiff's lawsuit be **DISMISSED**.[1]

    **ENTER**.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).