UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| CHARLES MICHAEL ROSS, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| | ) | Case No. 1:24-cv-208 |
| v. | ) | |
| | ) | Judge Atchley |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, *et al.*, | ) | Magistrate Judge Steger |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM OPINION AND ORDER

On August 26, 2024, United States Magistrate Judge Christopher H. Steger filed a Report and Recommendation [Doc. 10] (the "R&R") pursuant to 28 U.S.C. § 636 and the rules of this Court. Magistrate Judge Steger screened the Complaint [Doc. 2] pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915, and found that the Complaint fails to state a claim upon which relief can be granted. Judge Steger therefore recommends this action be dismissed.

Plaintiff was advised that he had 14 days to object to the R&R and that failure to do so would forfeit any right to appeal. [Doc. 10 at 3 n.1]; *see* Fed. R. Civ. P. 72(b)(2); *see also Thomas v. Arn*, 474 U.S. 140, 148-51 (1985) ("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). He did not file an objection.

The Court has nonetheless independently reviewed the record and agrees with Judge Steger's well-reasoned findings and conclusions. For reasons that follow, the Report & Recommendation [Doc. 10] will be **ACCEPTED** and **ADOPTED** and this action **DISMISSED** for failure to state a claim.

This is the fifth of ten lawsuits Plaintiff filed between June 10 and August 18, 2024. The first three, Nos. 1:24-cv-190, 1:24-cv-191, and 1:24-cv-196, all relate to Plaintiff's attempts to challenge state court judgment(s) against him. He alleges, *inter alia*, that he was denied due process and the right to proceed *in forma pauperis*, and names the State of Tennessee, Hamilton County Circuit and Chancery Courts and/or Clerks of Court, and multiple state court judges as defendants. He has also filed several actions against the judges of this Court, primarily based on his perception that the Court is not promptly addressing his filings.

In the instant action, Plaintiff cites two provisions of the Fair Debt Collection Practices Act. In his statement of claim, he explains that he represented himself in Case No. 23GS8693 in the Hamilton County General Sessions Court, and communicated with attorney Emily Nenni of Javitch Block, LLC, who represented Portfolio Recovery Associates. "In every email I received from Emily Nenni it contains the line 'This is an attempt to collect a debt and any information obtained will be used for this purpose.'" [Doc. 2 at 4]. That is the extent of his factual allegations.

On this basis, he seeks $5,000, "which is the approx. inflation adjusted reward of $1,000 in the Fair Debt Collection Practices Act passed in the year 1977." [*Id.*]. He attaches a summons in the General Sessions action and eight pages of emails with Attorney Emily Nenni.

This hodgepodge of filings provides little clue as to what claims Plaintiff intends to assert. "[W]hile pro se litigants are entitled to a liberal construction of their pleadings, it is not the Court's obligation to either speculate about the nature of the claims asserted or create a litigant's claims for him." *Freeman v. Sullivan*, 954 F. Supp. 2d 730, 747 (W.D. Tenn. 2013). Magistrate Judge Steger noted Plaintiff's failure to identify any action or omission of the Defendants that purportedly violates the FDCPA and notified Plaintiff of his chance to object. Plaintiff did not avail himself of that opportunity. And while the Complaint cites two federal statutes, Plaintiff

makes no effort to explain the relationship between those statutes and his sparse factual allegations. The Court will not speculate as to what claims Plaintiff may want to assert; his complaint is frivolous, fails to state a claim, and will be dismissed.

Finally, the Court notes that Plaintiff's numerous filings in the last few months largely relate to the same or similar subject matter. Plaintiff is **CAUTIONED** that litigants who abuse the judicial process may be subject to sanctions, including reasonable restrictions on court access. *See Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) ("When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process.").

Accordingly, the Court **ACCEPTS** and **ADOPTS** the findings of fact and conclusions of law set forth in the Report and Recommendation [Doc. 10]. The Complaint [Doc. 2] is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) because it frivolous and fails to state a claim.

A separate judgment shall enter.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
CHARLES E. ATCHLEY, JR.
UNITED STATES DISTRICT JUDGE